J-S07013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHELTON MALDONADO | : | |
| | : | |
| Appellant | : | No. 1850 EDA 2018 |

Appeal from the Judgment of Sentence Entered November 27, 2012
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010220-2012

BEFORE:   NICHOLS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                      **FILED MARCH 10, 2020**

Appellant Shelton Maldonado appeals from the judgment of sentence imposed after he pled guilty to robbery and related offenses.  Appellant's counsel has filed a petition to withdraw and an **Anders**/**Santiago**[1] brief.  For the reasons that follow, we deny counsel's petition to withdraw and remand for further proceedings consistent with this memorandum.

The procedural history of this appeal is as follows.  Appellant pled guilty to robbery and related offenses in 2012.  **See** Docket No. 10220-2012 (the 2012 case).  The trial court imposed an agreed-upon aggregate sentence of two and a half to five years' incarceration followed by two years' probation.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

In 2018, while Appellant was on probation for his 2012 case, Appellant was arrested and charged with new offenses at three separate docket numbers. *See* Docket Nos. 412-2018, 414-2018, 1446-2018 (the 2018 cases). On May 10, 2018, the trial court held a combined hearing to address Appellant's violation of probation (VOP) in the 2012 case and his consolidated guilty plea in the 2018 cases. Appellant was represented by Kasturi Sen, Esq. from the Philadelphia Public Defender's Office. At the outset of the hearing, the trial court explained to Appellant:

> Now, you actually have four matters in here today, three of them are new cases and each of those cases involves a robbery charge and some other charges. [*See* Docket Nos. 412-2018, 414-2018, and 1446-2018.] The fourth matter is a probation violation based on an earlier conviction before a different judge. [*See* Docket No. 10220-2012.] That matter is brought in here really for no other reason than to terminate the probation if we in fact go forward with these guilty pleas.

*See* N.T. VOP and Guilty Plea Hr'g, 5/10/18, at 7.

After conducting a plea colloquy, the trial court accepted Appellant's consolidated guilty plea to the charges in the 2018 cases. *See* N.T. VOP and Guilty Plea Hr'g, 5/10/18, at 4-28. The trial court imposed an agreed-upon aggregate sentence of six to twelve years' incarceration. *Id.* at 28. In light

- 2 -

of Appellant's new sentence, the trial court terminated the remainder of Appellant's probation in the 2012 case.[2] **Id.** at 29.

On June 14, 2018, the trial court docketed Appellant's *pro se* filing in the 2012 case.[3] Appellant's *pro se* filing read as follows:

NOTICE OF APPEAL

PA.R.A.P. 1925(B) STATEMENT

1. Counsel failed to adequately consult with me about a reconsideration of sentence and was thereby ineffective.

2. Had it not been for the ineffectiveness of counsel I would of filed a timely reconsideration of sentence.

3. Counsel was ineffective and failed to adequately consult with me about the guilty plea and it was not tendered knowingly, voluntarily and intelligently.

4. Had it not been for the ineffectiveness I would not have entered the plea of guilty.

Notice of Appeal, 6/14/18, at 1. Appellant dated the filing "June 9, 2018." However, the envelope attached to the Appellant's filing bore a postmark of June 14, 2018.

At the time of his *pro se* filing, Appellant was still represented by counsel from the Philadelphia Public Defender's Office. In his *pro se* filing, Appellant

---

[2] Appellant's probation officer testified that he agreed with terminating Appellant's probation and closing the 2012 case. **See** N.T. VOP and Guilty Plea Hr'g at 29.

[3] We note that this Court is required to docket a *pro se* notice of appeal even when a defendant is represented by counsel. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super 2016).

raised counsel's ineffectiveness in relation to his guilty plea. Although Appellant labeled his notice of appeal with the docket number for the 2012 case, it was not explicitly clear whether Appellant sought to challenge his guilty plea in the 2012 case or his more recent pleas in the 2018 cases.

On July 9, 2018, the trial court sent a letter to this Court. *See* Trial Ct. Ltr, 7/9/18. The trial court expressed its opinion that Appellant filed a *pro se* notice of appeal from the 2012 case in error. *Id.* The trial court also indicated that it did not intend to file a Pa.R.A.P. 1925(a) opinion, as there was no appealable order for Appellant to contest. *Id.* Further, the trial court noted that because Appellant was no longer serving a sentence in the 2012 case, Appellant had no remedy under the Post Conviction Relief Act (PCRA).[4] *Id.*

On October 26, 2018, this Court issued a rule to show cause why Appellant's appeal should not be quashed because (1) the appeal was moot, (2) Appellant was not an aggrieved party, and (3) the appeal was untimely filed. On October 29, 2018, the Public Defender's Office filed a response on Appellant's behalf.[5] The Public Defender's Office conceded that Appellant was "no longer serving the sentence [in the 2012 case] and that if [Appellant] intended to appeal the judgment of sentence his appeal was untimely." *See* Answer to Rule to Show Cause, 10/29/18, at 1 (unpaginated). However, the

---

[4] 42 Pa.C.S. §§ 9541-9546.

[5] The answer, which was filed by the Philadelphia Public Defender's Office, listed Karl Baker, Esq., Aaron Marcus, Esq., and Keir Bradford-Grey, Esq., as counsel for Appellant.

Public Defender's Office indicated that due to the 2012 case, Appellant could "continue to suffer adverse consequences of a collateral nature, which arguably means that his attempt to challenge his conviction is not 'moot.'" *Id.* at 2. The Public Defender's Office requested that this Court transfer Appellant's case to the trial court to be treated as a PCRA petition that was "filed in the wrong court" under Pa.R.A.P. 751(a). *Id.* at 3.

On January 23, 2019, counsel from the Philadelphia Public Defender's Office filed a motion to remand the matter for appointment of conflict counsel.[6] Counsel stated that it was "apparent that [A]ppellant intended to raise his claims of ineffective assistance of counsel against the attorneys from the Defender Association of Philadelphia who represented him in the entry of his guilty pleas" in the 2018 cases, "but that [Appellant] failed to list those docket numbers in his *pro se* notice of appeal." Mot. to Remand for Appointment of Conflict Counsel, 1/23/19, at 1 (unpaginated).

Counsel explained that

> [t]here are alternatives for neutral counsel to pursue. Thus, counsel not subject to a conflict may wish to invoke the "mailbox rule" to sustain this appeal, may seek to amend the *pro se* notice of appeal to substitute the relevant docket numbers, or may seek to transfer the matter to the court below for it to be treated as a petition filed under the [PCRA]. Such a petition could be subject to an appropriate amendment.

*Id.* at 2.

---

[6] The motion was filed by Karl Baker, Esq. from the Philadelphia Public Defender's Office.

On February 22, 2019, this Court issued an order deferring counsel's motion for remand "to the PCRA court for disposition." *See* Order, 2/22/19. On March 5, 2019, the trial court appointed Demetra P. Mehta, Esq. to represent Appellant on appeal.[7]

On May 21, 2019, this Court issued a rule to show cause why Appellant's appeal should not be quashed for the same reasons set forth in this Court's October 26, 2018 order. On May 31, 2019, Attorney Mehta filed a response indicating that Appellant's *pro se* notice of appeal should have been treated as a PCRA petition. *See* Answer to Rule to Show Cause, 5/31/19, at 1 (unpaginated). Attorney Mehta stated that although Appellant's *pro se* filing was labeled as a notice of appeal, "the substance of his complaints listed in that filing fall within the ambit of claims normally raised in a [PCRA] petition." *Id.* at 2. Attorney Mehta suggested that we remand the matter for the trial court to determine whether it had jurisdiction to consider ineffectiveness claims relating to the 2012 case. *Id.* On June 4, 2019, this Court discharged the rule to show cause and referred the issue to this merits panel.

On September 2, 2019, Attorney Mehta filed an *Anders*/*Santiago* brief and a separate petition to withdraw. Counsel's withdrawal petition indicates

---

[7] The docket in the 2012 case indicates that on April 3, 2019, the trial court issued an order stating that Appellant's "PCRA petition is DISMISSED as untimely due to [Appellant's] open appeal." *See* Docket No. 10220-2012. However, the certified record does not contain a PCRA petition or an April 3, 2019 order denying relief.

that she sent a copy of the *Anders* brief to Appellant, along with a letter advising Appellant of his right to proceed *pro se* or with new, privately retained counsel.[8]  Appellant has not filed a *pro se* response or a counseled brief with new counsel.

On appeal, Attorney Mehta has filed an *Anders*/*Santiago* brief addressing issues solely related to the termination of Appellant's probation at Docket No. 10220-2012.  *Anders*/*Santiago* Brief at 9-11.  Counsel's *Anders*/*Santiago* brief identifies the following issues:

1. Was [A]ppellant's appeal timely?

2. Did the [trial] court abuse its discretion in terminating Appellant's probation?

*Anders*/*Santiago* Brief at 5.

"When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted).  Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention.  ***See***

---

[8] A copy of the letter is attached to counsel's *Anders*/*Santiago* brief.

- 7 -

*Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in *Santiago*, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Only after determining that counsel has satisfied these technical requirements, may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Attorney Mehta has complied with the procedures for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter

explaining his appellate rights, and supplying Appellant with a copy of the *Anders*/*Santiago* brief.[9]  *See Goodwin*, 928 A.2d at 290.

However, although prior counsel and Attorney Mehta previously argued that Appellant's filing should have been treated as a PCRA petition, Attorney Mehta does not address this in her statement of the case.  She also fails to mention the Public Defender's position that Appellant incorrectly labeled his *pro se* filing with the docket number for the 2012 case.  Further, despite the fact that Attorney Mehta was appointed as counsel **because** Appellant intended to challenge counsel's effectiveness in the 2018 cases, she does not discuss this claim.  Instead, Attorney Mehta focuses solely on the termination of Appellant's probation in the 2012 case.  *Anders*/*Santiago* Brief at 9-11.  In light of the procedural issues summarized above, we find Attorney Mehta's *Anders*/*Santiago* insufficient.

Further, our independent review of the record confirms that there is a non-frivolous issue relating to Appellant's untimely *pro se* filing in the 2012 case.  Specifically, we must evaluate whether Appellant's filing should have been treated as a PCRA petition.  In analyzing this issue, we are guided by the following principles of law.

---

[9] In her petition to withdraw, Attorney Mehta incorrectly states that, if she is granted leave to withdraw as counsel, Appellant has the right to proceed *pro se* or with the assistance of privately retained counsel. *See Commonwealth v. Muzzy*, 141 A.3d 509, 511-12 (Pa. Super. 2016).  However, in the letter addressed to Appellant, counsel correctly informs Appellant of his rights.

"Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." ***Commonwealth v. Green***, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (citation omitted); ***see also Commonwealth v. Horn***, 172 A.3d 1133, 1135 (Pa. Super. 2017) (stating that appellate courts may consider the issue of jurisdiction *sua sponte*). In criminal cases, an appeal generally lies from "the entry of the final judgment of sentence." ***Commonwealth v. Rojas***, 874 A.2d 638, 642 (Pa. Super. 2005) (citation omitted); ***see also*** Pa.R.A.P. 903(c)(3) (stating that "[i]n a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within [thirty] days of the imposition of the judgment of sentence in open court").

"Pennsylvania courts have consistently held, so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition." ***Commonwealth v. Torres***, --- A.3d ---, 2019 WL 6270758, at *1 (Pa. Super. filed Nov. 25, 2019) (citations omitted). "It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief." ***Commonwealth v. Taylor***, 65 A.3d 462, 465-66 (Pa. Super. 2013) (citations omitted). "This is true regardless of the manner in which the petition is titled." ***Commonwealth v. Kutnyak***, 781 A.2d 1259, 1261 (Pa. Super. 2001) (citation omitted). However, "[t]he content of the motion—just exactly what is pled and requested therein—is relevant to deciding whether to treat the motion as a

collateral petition." ***Commonwealth v. Wrecks***, 931 A.2d 717, 720 (Pa. Super. 2007).

"PCRA courts are invested with discretion to permit the amendment of a pending, timely-filed [PCRA] petition . . . . the prevailing rule remains simply that amendment is to be freely allowed to achieve substantial justice." ***Commonwealth v. Flanagan***, 854 A.2d 489, 499-500 (Pa. 2004) (citing Pa.R.Crim.P. 905(A)). Further "[w]hen a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed." Pa.R.Crim.P. 905(B). In the absence of a final ruling on a timely-filed first PCRA petition, it is proper to treat a subsequent PCRA petition as an amendment to the first timely-filed petition. ***See Commonwealth v. Sepulveda***, 144 A.3d 1270, 1280 (Pa. 2016); ***see also Flanagan***, 854 A.2d at 499 n.7 (holding that the petitioner could amend his PCRA petition eleven years after he filed the original petition because the PCRA court never ruled on his original claims).

Here, the trial court docketed Appellant's untimely *pro se* filing on June 14, 2018. Although Appellant purported to appeal from the judgment of sentence in the 2012 case, the trial court recognized that it was likely an error because there was no appealable order and Appellant was no longer serving that sentence. ***See*** Trial Ct. Ltr, 7/9/18, at 1. Then, after we remanded the matter in January 2019, the trial court appointed conflict counsel based on the

Public Defender's assertion that Appellant sought to challenge counsel's ineffectiveness in relation to his guilty pleas in the 2018 cases. **See** Mot. to Remand for Appointment of Conflict Counsel, 1/23/19, at 2 (unpaginated).

In light of these facts, both Attorney Mehta and the trial court should have recognized that Appellant's untimely *pro se* filing, which raised claims that are exclusively cognizable under the PCRA, should have been treated as a PCRA petition. **See Torres**, 2019 WL 6270758, at *1; **see also Wrecks**, 931 A.2d at 720. However, neither the trial court nor Attorney Mehta took any further action to resolve this issue, and Appellant's deadline to file a PCRA petition for the 2018 cases expired on June 10, 2019.

Nonetheless, because the trial court did not address the ineffectiveness claims Appellant raised in his June 14, 2018 filing, they remain pending for purposes of the PCRA. **See Sepulveda**, 144 A.3d at 1280; **see also Flanagan**, 854 A.2d at 499 n.7. Therefore, under the unique circumstances of this case, we remand the matter to the trial court for further proceedings under the PCRA.

The PCRA court shall consider whether Attorney Mehta should continue to represent Appellant as PCRA counsel or if new PCRA counsel is necessary. PCRA counsel shall be permitted to amend Appellant's June 14, 2018 *pro se* filing to include the appropriate docket numbers and ensure it is filed of record

in the appropriate cases. PCRA counsel may thereafter amend Appellant's filing or comply with the mandates of **Turner**/**Finley**.[10]

Petition to withdraw denied. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/20

_____

[10] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We have held that, in PCRA cases, appointed counsel has a duty to either "(1) amend the petitioner's *pro se* [p]etition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of **Turner/Finley**." **Commonwealth v. Cherry**, 155 A.3d 1080, 1083 (Pa. Super. 2017). When counsel fails to employ either measure, "our courts have not hesitated to find that the petition was effectively uncounseled." **Id.** (citation and quotation marks omitted).